IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| NORCAL MUTUAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 5:19-06028-CV-RK<br>)<br>) |
| ANTHONY DISHMAN, JEANETTE DISHMAN, PAYTON DISHMAN, BLAKE DONALDSON, D.O., BEVERLY BOATRIGHT, PRIMARY CARE PROPERTIES, LLC, PRIMARY CARE NORTH KANSAS CITY, LLC, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STAY

Before the Court is Blake Donaldson, D.O., Primary Care North Kansas City, LLC, Primary Care Properties, LLC ("the Donaldson parties")' Motion to Dismiss, or in the Alternative, Stay Plaintiff's Complaint for Declaratory Judgment ("the Motion"). (Doc. 6.) The Motion is fully briefed. (Docs. 7, 18, 20.) After careful consideration and for the reasons below, the Motion is **DENIED**.

## Background

**A. State Action**

On October 18, 2017, Anthony Dishman, Jeanette Dishman, and Payton Dishman ("the Dishmans") filed suit against Blake Donaldson, Beverly Boatright, Primary Care Properties, LLC, and Primary Care North, LLC in the Circuit Court of Platte County, Missouri ("the State Court Action"). (Doc. 1). *See Anthony Dishman et al v. Blake Donaldson, et al.*, Case No. 17AE-CC00361. The Dishmans amended their Petition on June 19, 2018. (Doc. 1-1.) The State Action alleges that Dr. Blake Donaldson, at the time a licensed physician, engaged in sexual conduct with Payton Dishman while Payton was a minor, causing damage to the Dishmans at Primary Care North Kansas City, LLC. (*Id.*) NORCAL Mutual Insurance Company

("NORCAL") issued a Medical Professional Liability Policy to Blake Donaldson bearing Policy Number 715633-N, effective from May 25, 2015, through May 25, 2016 ("the Policy"). (Doc. 1-2.) By virtue of endorsement END04-001 to the Policy, Primary Care North Kansas City, LLC is also an Insured. (*Id.*)

### B. Declaratory Judgment Action

On March 18, 2019, NORCAL filed a Motion for Declaratory Judgment in this Court pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act, and diversity jurisdiction ("the Declaratory Judgment Action"). (Doc. 1.) NORCAL seeks the following declarations from this Court: (1) "NORCAL shall have the right to reimbursement of all costs incurred in the past and future defending Blake Donaldson and Primary Care North Kansas City, LLC in the matter *Anthony Dishman et al v. Blake Donaldson, et al.*, Case No. 17AE-CC00361 in the Circuit Court of Platte County;" and (2) "neither Primary Care Properties, LLC or Beverly Boatright are insureds as defined by the Policy and therefore are not entitled to defense or indemnity."

The issue in the State Action is whether Blake Donaldson engaged in impermissible sexual misconduct with Payton Dishman, and if so, what damages are the Dishmans entitled to. In this declaratory judgment action, the issues are whether Donaldson's alleged actions are covered by the Policy and if NORCAL is entitled to reimbursement for defense costs. The Donaldson parties seek dismissal of the Declaratory Judgment Action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Alternatively, the Donaldson parties ask this Court to stay the Declaratory Judgment Action until a final judgment is rendered in the State Action. The immediate issue before this Court is whether dismissal or a stay of this case is appropriate considering the pending State Action.

## Legal Standard

The Federal Declaratory Judgment Act provides district courts with discretion to accept or decline jurisdiction over declaratory judgment actions. 28 U.S.C. § 2201(a). The Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Public Affairs Associates, Inc. v. Rickover*, 369 U.S. 111, 112 (1962). Relief under the Declaratory Judgment Act is procedural in nature; therefore, federal law governs whether relief may be granted under this Act and whether a motion to dismiss, or in the alternative, motion to stay shall be granted. *Hinkel Excavation & Constr., Inc. v. Constr. Equip. Int'l*, 2000 U.S. Dist. LEXIS 22176, at *9 (N.D. Iowa Nov. 20, 2000).

If a suit in state court and a federal declaratory judgment action are parallel, a federal court should abstain from adjudicating the declaratory judgment action. *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 997 (8th Cir. 2005) (internal quotation marks and citation omitted). If the court determines the proceedings are not parallel, the court must still determine whether abstention by the federal court is proper. *Safe Auto Ins. Co. v. Escabusa*, 2016 U.S. Dist. LEXIS 35004, at *8 (W.D. Mo. Mar. 18, 2016). "The Eighth Circuit has adopted a six-factor test . . . to guide district courts in determining whether to exercise jurisdiction over a declaratory judgment action related, but not parallel, to an action pending in state court." *Id.* These factors are:

> (1) whether the declaratory judgment sought will serve a useful purpose in clarifying or settling the legal relations at issue; (2) whether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the federal proceeding; (3) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in state courts; (4) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (5) whether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and (6) whether the declaratory judgment action is being used merely as a device for procedural fencing – that is to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable.

*Scottsdale Ins. Co.*, 426 F.3d at 998-99.

## Discussion

### A. Parallel Proceedings

The Declaratory Judgment Action and the State Action are not parallel proceedings. In both *Scottsdale* and *Cont'l Cas. Co. v. Advance Terrazzo & Tile Co.*, the courts held the federal and state actions were not parallel because the insurance company was not a party to the state suit and the state court actions concerned the insured's liability while the federal action involved insurance contract interpretation. *Id.*; 462 F.3d 1002, 1006 (8th Cir. 2006). The identical circumstances are present here. The State Action is between the Donaldson parties and the Dishmans; NORCAL is not a named party to the State Action. The State Action concerns the liability of the Donaldson parties while the Declaratory Judgment Action concerns whether or not NORCL must provide coverage to the Donaldson parties under the Policy and whether NORCLA is entitled to reimbursement. Because the suits involve different parties and different issues, they are not parallel. *See Cont'l Cas. Co.*, 462 F.3d at 1006 (the court found the suits were not parallel

because "the state court proceedings involve parties, arguments, and issues different from those in the federal court proceeding").

### B. *Scottsdale* Factors

Because the Court finds the State Action and Declaratory Judgment Action are not parallel proceedings, the Court must now determine if the *Scottsdale* factors weigh in favor or against abstention. The first and second *Scottsdale* factors do not support abstention. The Declaratory Judgment Action will clarify and settle the legal issues because it will determine whether the Donaldson parties are entitled to insurance coverage under the Policy. The Declaratory Judgment Action will also remove the "uncertainty, insecurity, or controversy" as to whether the Policy provides coverage and if NORCAL is entitled to reimbursement for defense costs. *See Scottsdale Ins. Co.*, 426 F.3d 994, 9-10 ("[t]he declaratory judgment would 'clarify and settle' the legal relations at issue and would afford relief from the 'uncertainty, insecurity, and controversy' between" the insurer and insured).

The fourth and fifth factors also weigh against abstention. The state court cannot resolve the legal issues presented in the Declaratory Judgment Action any more or less efficiently than this Court, nor will the adjudication of the Declaratory Judgment Action entangle the two court systems. While the issues in the two suits are related, "[a]ny common issues do not hinge on the same questions of law – the state action sounds in tort and the federal action in contract . . . [a]ny overlapping issues of fact are insignificant." *Scottsdale Ins. Co.*, 426 F.3d 994, 999. Whether the Policy covers the Donaldson parties' as to their alleged actions and whether NORCAL is entitled to reimbursement do not encompass the same factual determinations that will be made in the underlying state court proceedings. The facts at issue in the State Action concern whether the Dishmans suffered injuries as a result of Donaldson's actions. The facts at issue in the Declaratory Judgment Action concern whether the claims alleged in the State Action are within the terms of the Policy. The resolution of the Declaratory Judgment Action requires determinations including: whether the injuries are within the Policy's definitions of "claim," "professional health care services," and "damages;" whether the injuries were caused by a "medical incident;" and whether any of the Policy's exclusions apply. *See Scottsdale Ins. Co.*, 426 F.3d at 1000.

The third and sixth factors are neutral. The record before the Court does not provide that Missouri has any particular state interest in having the issues in the Declaratory Judgment Action adjudicated in state court or provide any indication that NORCAL has engaged in any type of

4

improper maneuvering. In sum, the proceedings are not parallel, and the *Scottsdale* factors weigh against abstention; therefore, it is properly within the Court's discretion to accept jurisdiction of the Declaratory Judgment Action. *See Cont'l Cas. Co.*, 462 F.3d 1002.

### C. Whether a Stay of the Declaratory Judgment Action is Proper

The Donaldson parties seek dismissal, or in the alternative, a stay of the Declaratory Judgment Action until the State Action is adjudicated. In a similar vein as to jurisdiction address above, the district court should dismiss a federal declaratory judgment complaint when a state court proceeding could address the same state issues between the parties. *Capitol Indemnity Corp. v. Haverfield*, 218 F.3d 872, 874 (8th Cir. 2000). "If the issues involved in each case are substantially identical, allowing each suit to proceed results in the wasting of valuable judicial resources." *Vigilant Ins. Co. v. Behrenhausen*, 889 F. Supp. 1130, 1133 (W.D. Mo. June 13, 1995). If the action can be better settled in state court, the district court must dismiss the federal action because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law." *Brillhart v. Excess Ins. Co.*, 316 U.S. at 495. A stay rather than a dismissal is the preferred method of abstention where a possibility exists that the case may return to federal court after state court disposition. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). If the case is unlikely to return to federal court after the state case is completed, dismissal is proper. *Safe Auto Ins. Co.*, 2016 U.S. Dist. LEXIS 35004, at *19.

Here, the Court finds that the scope of the State Action is not broad enough to fully and efficiently resolve the Declaratory Judgment Action claims. The adjudication of both actions at the same time will not be uneconomical for the courts or result in duplicative or inconsistent rulings. The result of the adjudication in the Declaratory Judgment Action is independent of the State Court adjudication. Accordingly, a dismissal or stay is not warranted.

### Conclusion

After careful consideration and for the reasons above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: June 17, 2019